McCooe, J.
(concurring). I would reverse on a different ground.
The trial court dismissed the petition Upon the ground that paragraph 27 of the lease bound the landlord to give a written demand and therefore an oral demand was insufficient. I do not read paragraph 27 as requiring a written demand. Paragraph 27 states that a written notice "shall be deemed sufficient” if given by specified methods, not strictly in compliance with RPAPL 735. It does not state that a written notice "must” be given as in Lenzo v Craig (NYLJ, Aug. 19, 1989, at 9, col 3) cited by the trial court. There is nothing in paragraph 27 prohibiting an oral demand for rent. The trial court’s decision has been cited for the proposition that parties can "by the terms of the lease agree to a more stringent notice requirement”. This is not the issue since the lease does not require a written notice.
Therefore the issue as to whether and under what circumstances the parties can, by agreement, vary the statutory rent demand requirements is not before us. (See, 96-18 43d Ave. Corp. v IBT Indus., NYLJ, May 28, 1991, at 32, col 4 [App Term, 2d Dept]; Mollen, Realty Law Digest, NYLJ, July 22, 1992, at 4, col 1 [no variance].) Finally, the sua sponte dismissal by the trial court on a "subject matter jurisdiction” ground was improper.
Parness, J. P., and Miller, J., concur; McCooe, J., concurs in a separate memorandum.